**DECHERT LLP**
**Steven B. Feirson (21357)**
**steven.feirson@dechert.com**
**Michael S. Doluisio (75060)**
**michael.doluisio@dechert.com**
**Tara L. Cooney (201822)**
**tara.cooney@dechert.com**
**Peter Kreher (210131)**
**peter.kreher@dechert.com**
**Cira Centre**
**2929 Arch Street**
**Philadelphia, PA 19104**
**Tel. (215) 994-4000**          **Attorneys for Plaintiffs**
**Fax (215) 994-2222**

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bradley M. Tirpak and Craig W. Thomas, d/b/a/ Shareholder Advocates for Value Enhancement, : : : : : | |
| Plaintiffs, : : | |
| v. : : | No. 09-CV-5920 |
| USA Technologies, Inc., George R. Jensen, Jr., Stephen P. Herbert, Douglas M. Lurio, Steven Katz, William L. Van Alen, Jr., Joel Brooks, Steven D. Barnhart, and Jack E. Price, : : : : : : | |
| Defendants. : : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## PLAINTIFFS TO DEFENDANT USA TECHNOLOGIES, INC.'S COUNTERCLAIMS

Plaintiffs, Bradley M. Tirpak ("Mr. Tirpak") and Craig W. Thomas ("Mr. Thomas") (together, "Plaintiffs") d/b/a Shareholder Advocates for Value Enhancement ("Committee"), through their undersigned counsel, hereby answer and assert affirmative defenses to the counterclaims (the "Counterclaims") of Defendant USA Technologies, Inc. ("USAT") as follows:

## ANSWER TO COUNTERCLAIMS

105.   Admitted.

106.   Admitted.

107.   Denied. The allegations in paragraph 107 are conclusions of law to which no response is required. To the extent any of these allegations are deemed to allege facts, Plaintiffs deny them.

108.   Admitted in part and denied in part. Plaintiffs admit that USAT filed a Proxy Statement with the SEC. The remaining allegations in paragraph 108 refer to the contents of the Proxy Statement, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The last sentence of paragraph 108 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in this sentence, and therefore these allegations are denied.

109.   Admitted in part and denied in part. Plaintiffs admit that they provided a document that is substantially similar to Exhibit 21 to less than 10 USAT shareholders. Plaintiffs deny Defendant's characterization of Exhibit 21 as an "Unfiled Proxy Solicitation" and deny that Exhibit 21 was never filed with the SEC; to the contrary,

Plaintiffs did file a document that is substantially similar to Exhibit 21 with the SEC as correspondence. The second and third sentences in paragraph 109 refer to the contents of Exhibit 21, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied.

      110.    Denied.

      111.    Admitted in part and denied in part. Plaintiffs admit that they filed Preliminary Proxy Statements on November 19 and November 27, 2009, a Definitive Proxy Statement on November 30, 2009, and additional materials on November 20, November 23, November 24, November 30, December 3, December 8, and December 9, 2009. The remaining allegations in paragraph 111 refer to the contents of written documents that speak for themselves, and USAT's characterization of their contents is therefore denied.

      112.    Denied. The allegations in paragraph 112 are conclusions of law to which no response is required. To the extent any of these allegations are deemed to allege facts, Plaintiffs deny them.

      113.    Denied. The first, fourth, and eighth sentences of paragraph 113 refer to the contents of written documents that speak for themselves, and USAT's characterizations of their contents is therefore denied. The second sentence of paragraph 113 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. Plaintiffs deny the remaining allegations of paragraph 113. By way of further answer, even if Plaintiffs' nominees won the election, three directors cannot "control" an eight-member board.

114. Denied. The first sentence of paragraph 114 refers to the contents of Exhibit 21, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 114 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

115. Denied. The first sentence of paragraph 115 refers to the contents of Exhibit 21, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 115 refers to the contents of USAT's Form 10-Q for the period ending September 30, 2009, filed with the SEC on November 9, 2009, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second and third sentences of paragraph 115 are conclusions of law to which no response is required. To the extent these sentences are deemed to allege facts, Plaintiffs deny them.

116. Admitted in part and denied in part. The first sentence of paragraph 116 refers to the contents of Exhibit 5, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 116 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. The second sentence of paragraph 116 refers to the Company's bylaws, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. After reasonable investigation, Plaintiffs lack knowledge or information sufficient to determine whether USAT made the mailing on October 28, 2009, and, therefore, this allegation is deemed denied. Plaintiffs deny the remaining allegations in the third sentence of paragraph 116,

except that Plaintiffs admit that the Company first announced a new date for the 2010 Annual Meeting on October 20, 2009.

      117.    Denied.  The first sentence of paragraph 117 refers to the contents of Exhibit 5, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied.  The second sentence of paragraph 117 is a conclusion of law to which no response is required.  To the extent this sentence is deemed to allege facts, Plaintiffs deny it.  The third sentence of paragraph 117 refers to the contents of the Company's proxy statement, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied.  The third and fourth sentences of paragraph 117 are conclusions of law to which no response is required.  To the extent these sentences are deemed to allege facts, Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in these sentences, and therefore they are denied.

      118.    Denied.  The first sentence of paragraph 118 refers to the contents of Exhibit 5, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied.  The second sentence of paragraph 118 is a conclusion of law to which no response is required.  To the extent this sentence is deemed to allege facts, Plaintiffs deny it.  The third sentence of paragraph 118 refers to the contents of the Company's proxy statement, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied.  Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 118, and therefore these allegations are denied.

119. Denied. The first sentence of paragraph 119 refers to the contents of Exhibit 21, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 119 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. Plaintiffs deny the allegations in the third sentence of paragraph 119.

120. Denied. The first sentence of paragraph 120 refers to the contents of Exhibit 28, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 120 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences of paragraph 120, and therefore these allegations are denied.

121. Denied. The first sentence of paragraph 121 refers to the contents of Exhibit 28, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 121, and therefore this allegation is denied.

122. Admitted in part and denied in part. The first sentence of paragraph 122 refers to the contents of Exhibit 28, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 122 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. The third sentence of paragraph 122

refers to the contents of Exhibit 28, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied.  Plaintiffs admit that Defendant Jensen told Mr. Tirpak that the Company had identified two potential independent directors.  Plaintiffs also admit that they launched a proxy solicitation to elect three nominees to USAT's Board of Directors.  The remaining allegations in the fourth and fifth sentences of paragraph 122 are denied.  The sixth sentence of paragraph 122 is a conclusion of law to which no response is required.  To the extent this sentence is deemed to allege facts, Plaintiffs deny it.  Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in the seventh sentence of paragraph 122, and therefore the allegations in this sentence are denied.

   123. Admitted in part and denied in part.  The first, second, and fourth sentences of paragraph 123 are conclusions of law to which no response is required.  To the extent these sentences are deemed to allege facts, Plaintiffs deny them.  The third sentence of paragraph 123 refers to the contents of written documents that speak for themselves, and USAT's characterization of their contents is therefore denied.  Plaintiffs admit that USAT's Series A Convertible Preferred Stock (the "Preferred Stock") is publicly traded on the NASDAQ Global Market and is entitled to vote at the December 15, 2009 Annual Meeting.  Plaintiffs admit that Defendant Jensen is an owner of Preferred Stock and that Mr. Tirpak owns 1,000 shares of Preferred Stock.  The remaining allegations in paragraph 123 are denied.  The last sentence of paragraph 123 is a conclusion of law to which no response is required.  To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

6

124. Denied. The first and fifth sentences of paragraph 124 refer to Exhibit 28, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second and fifth sentences of paragraph 124 are conclusions of law to which no response is required. To the extent these sentences are deemed to allege facts, Plaintiffs deny them. The third, fourth, and fifth sentences of paragraph 124 are denied.

125. Admitted in part and denied in part. The first, third, and fourth sentences of paragraph 125 are conclusions of law to which no response is required. To the extent these sentences are deemed to allege facts, Plaintiffs deny them. The second sentence of paragraph 125 refers to the contents of written documents, and USAT's characterization of their contents is therefore denied.

(a) The first sentence of subparagraph (a) of paragraph 125 refers to the contents of Exhibit 21, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The remaining allegations in subparagraph (a) of paragraph 125 are denied.

(b) The first sentence of subparagraph (b) of paragraph 125 refers to the contents of Exhibit 21, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of subparagraph (b) of paragraph 125 is admitted. The third sentence of subparagraph (b) of paragraph 125 is denied. The fourth sentence of subparagraph (b) is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

  (c) The first and second sentences of subparagraph (c) of paragraph 125 refer to the contents of Exhibit 5, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The third and fourth sentences of subparagraph (c) of paragraph 125 are admitted. The fifth sentence of subparagraph (c) of paragraph 125 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

  (d) The first sentence of subparagraph (d) of paragraph 125 refers to the contents of Exhibit 5, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The allegation in the second sentence of subparagraph (d) of paragraph 125 that Defendants Jensen and Herbert received cash compensation of 7.6% of revenues is admitted; the remaining allegations of the sentence are denied. The third sentence of subparagraph (d) of paragraph 125 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

  (e) The first sentence of subparagraph (e) of paragraph 125 refers to the contents of Exhibit 28, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of subparagraph (e) of paragraph 125 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

  126. Denied. The first sentence of paragraph 126 refers to Exhibit 26, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 126 is a conclusion of law to which

no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. The third sentence of paragraph 126 is denied.

127. Admitted in part and denied in part. The first sentence of paragraph 127 refers to Exhibit 28, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second and eighth sentences of paragraph 127 are conclusions of law to which no response is required. To the extent these sentences are deemed to allege facts, Plaintiffs deny them. The third sentence of paragraph 127 is admitted. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth, fifth, sixth, and seventh sentences of paragraph 127, and therefore these allegations are denied.

128. Admitted in part and denied in part. The first and third sentences of paragraph 128 refer to written documents that speak for themselves, and USAT's characterization of them is therefore denied. The second sentence of paragraph 128 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. Plaintiffs admit that Mr. Thomas owns warrants on 135,000 shares that are exercisable on January 1, 2010. The remaining allegations of paragraph 128 are denied.

129. Denied. The first sentence if paragraph 129 is a legal conclusion to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

(a) The first and second sentences of subparagraph (a) of paragraph 129 refer to the contents of Exhibit 8, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second and third

9

sentences of subparagraph (a) of paragraph 129 are denied. The fourth sentence of subparagraph (a) of paragraph 129 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

      (b)    The first sentence of subparagraph (b) of paragraph 129 refers to the contents of Exhibit 8, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second and third sentences of subparagraph (b) of paragraph 129 are denied.

      (c)    The first sentence of subparagraph (c) of paragraph 129 refers to the contents of Exhibit 8, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of subparagraph (c) of paragraph 129 is denied. The third sentence of subparagraph (c) of paragraph 129 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

      130.    Denied. The first sentence of paragraph 130 refers to the contents of Exhibit 28, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 130 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. The third sentence of paragraph 130 is denied.

      131.    Denied. The first sentence of paragraph 131 refers to the contents of Exhibit 21, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second and fifth sentences of paragraph 131 are conclusions of law to which no response is required. To the extent

these sentences are deemed to allege facts, Plaintiffs deny them. The third sentence of paragraph 131 is denied. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of paragraph 131, and therefore the allegations in this sentence are denied.

132. Denied. The first sentence of paragraph 132 refers to the contents of Exhibit 21, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 132 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. The third sentence of paragraph 132 is denied.

133. Denied. The first and third sentences of paragraph 133 refer to the contents of Exhibit 27, a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second and fifth sentences of paragraph 133 are conclusions of law to which no response is required. To the extent these sentences are deemed to allege facts, Plaintiffs deny them. The fourth sentence of paragraph 133 is denied.

134. Denied. The first, second, and fourth sentences of paragraph 134 refer to the contents of Exhibit 27, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 134 is also a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 134, and therefore the allegations in this sentence are denied.

135. Denied. The first, third, and fourth sentences of paragraph 135 refer to the contents of written documents that speak for themselves, and USAT's characterization of their contents is therefore denied. The second sentence of paragraph 135 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it.

136. Admitted in part and denied in part. The first sentence of paragraph 136 refers to the contents of Exhibit 8, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 136 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. Plaintiffs admit that Mr. Thomas was formerly employed by S.A.C. Capital Associates, LLC and that from 2003-2007 Mr. Tirpak was a Portfolio Manager at Sigma Capital Management. The remaining allegations of paragraph 136 are denied.

137. Admitted in part and denied in part. The first sentence of paragraph 137 refers to the contents of Plaintiffs' "proxy solicitation materials," which are written documents that speak for themselves, and USAT's characterization of their contents is therefore denied. The first and third sentences of paragraph 137 are conclusions of law to which no response is required. To the extent these sentences are deemed to allege facts, Plaintiffs deny them. Plaintiffs admit that Mr. Tirpak was included in a lawsuit 12 years ago because another employee without authorization released an internal memo with Mr. Tirpak's name on it. Once Mr. Tirpak's employer learned the facts, it removed Mr. Tirpak's name from the memo, suspended the other employee and indemnified Mr. Tirpak. The remaining allegations of paragraph 137 are denied.

138.    Denied. The first sentence of paragraph 138 refers to the contents of Exhibit 27, which is a written document that speaks for itself, and USAT's characterization of its contents is therefore denied. The second sentence of paragraph 138 is a conclusion of law to which no response is required. To the extent this sentence is deemed to allege facts, Plaintiffs deny it. The third sentence of paragraph 138 refers to the contents of a written document that speaks for itself, and USAT's characterization of its contents is therefore denied.

139.    Admitted in part and denied in part. The first and sixth sentences of paragraph 139 refer to the contents of written documents that speak for themselves, and USAT's characterization of their contents is therefore denied. The first, second, and seventh sentences of paragraph 139 are conclusions of law to which no response is required. To the extent these sentences are deemed to allege facts, Plaintiffs deny them. Plaintiffs deny the second and fourth sentences of paragraph 139. Plaintiffs admit the third and fifth sentences of paragraph 139.

140.    Denied.

141.    Admitted in part and denied in part. Plaintiffs admit the first two sentences of paragraph 141. The third sentence of paragraph 141 refers to the contents of a written document that speaks for itself, and USAT's characterization of its contents is therefore denied.

142.    Admitted.

143.    Denied. Plaintiffs deny the allegations first sentence of paragraph 143. The second and fifth sentences of paragraph 143 are conclusions of law to which no

response is required. To the extent these sentences are deemed to allege facts, Plaintiffs deny them. Plaintiffs deny the remaining allegations of paragraph 143.

144. Denied.

145. Denied.

146. Denied.

147. Denied. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147, and therefore the allegations in this paragraph are denied.

148. Denied. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148, and therefore the allegations in this paragraph are denied.

149. Admitted in part and denied in part. Plaintiffs admit that they have neither filed a Schedule 13D with the SEC, nor sent a schedule 13D to the Company or to NASDAQ. Plaintiffs deny that they were required to do any of these things.

## Count I – Violation of 15 U.S.C. § 78n(a)

150. Plaintiffs incorporate herein by reference their answers to paragraphs 105-149 as if fully set forth herein.

151. – 154. Denied. The allegations in paragraphs 151 – 154 are conclusions of law to which no response is required. To the extent any of these allegations are deemed to allege facts, Plaintiffs deny them.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against USAT, together with costs, fees and such other relief as the Court deems proper.

### Count II – Violation of 15 U.S.C. § 78n(a)

155. Plaintiffs incorporate by reference their answers to paragraphs 105-154 as if fully set forth herein.

156. – 159. Denied. The allegations in paragraphs 156-159 are conclusions of law to which no response is required. To the extent any of these allegations are deemed to allege facts, Plaintiffs deny them.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against USAT, together with costs, fees and such other relief as the Court deems proper.

### Count III – Violation of Section 13(d) of the Exchange Act

160. Plaintiffs incorporate by reference their answers to paragraphs 105-159 as if fully set forth herein.

161. Denied. Paragraph 161 is a conclusion of law to which no response is required. To the extent this paragraph is deemed to allege facts, Plaintiffs deny it.

162. Denied. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162, and therefore the allegations in this paragraph are denied.

163. Denied. Paragraph 163 is a conclusion of law to which no response is required. To the extent this paragraph is deemed to allege facts, Plaintiffs deny it.

164. Denied. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164, and therefore the allegations in this paragraph are denied.

165. Admitted in part and denied in part. Plaintiffs admit that they have neither filed a Schedule 13D with the SEC, nor sent a schedule 13D to the Company or to NASDAQ. Plaintiffs deny that they were required to do any of these things.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against USAT, together with costs, fees and such other relief as the Court deems proper.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them, Plaintiffs assert the following affirmative defenses:

166. USAT's Counterclaims, and each and every count therein, fail to state a claim upon which relief can be granted.

167. USAT's Counterclaims fail in whole or in part under the doctrines of waiver, ratification, and/or estoppel.

168. USAT's Counterclaims fail in whole or in part under the doctrines of laches and/or delay.

169. USAT's Counterclaims fail in whole or in part by virtue of its unclean hands.

170. USAT's Counterclaims fail in whole or in part because of its failure to mitigate its damages.

171. USAT's Counterclaims fail in whole or in part because it assumed the risk of losing the proxy contest when it chose to participate in that contest rather than postpone USAT's December 15, 2009 Annual Meeting immediately after discovering the contents of Plaintiffs' Preliminary Proxy Statements, Definitive Proxy Statements, and/or Exhibit 21.

16

172. USAT's Counterclaims fail in whole or in part because entering judgment in USAT's favor would be inequitable.

173. USAT's Counterclaims fail in whole or in part because Plaintiffs acted in good faith.

174. USAT's Counterclaims fail in whole or in part because they are moot.

175. USAT's Counterclaims fail in whole or in part because USAT lacks standing.

176. USAT's Counterclaims fail in whole or in part for lack of a private right of action.

177. USAT's Counterclaims fail in whole or in part under the doctrines of *res judicata* and/or collateral estoppel.

178. USAT's Counterclaims fail in whole or in part because the omissions and misrepresentations alleged in the Counterclaims were not material and/or were non-actionable opinions.

179. USAT's Counterclaims fail in whole or in part under the First Amendment to the Federal Constitution.

180. USAT's Counterclaims fail in whole or in part because Plaintiffs did not act with scienter or with the requisite state of mind for the claims alleged.

181.    Plaintiffs reserve the right to supplement their affirmative defenses as discovery in this action proceeds and reveals new facts not currently known to Plaintiffs.

182.    To the extent not pleaded in response to a specific allegation, Plaintiffs deny any wrongdoing by them or liability to USAT.


Dated:  December 23, 2009                     Respectfully submitted,


   /s/ Michael S. Doluisio_____
Steven B. Feirson
Michael S. Doluisio
Tara L. Cooney
Peter Kreher
*Dechert LLP*
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222

*Counsel for Plaintiffs Bradley M. Tirpak and Craig W. Thomas d/b/a Shareholder Advocates for Value Enhancement.*

## **CERTIFICATE OF SERVICE**

I, Michael S. Doluisio, hereby certify that on December 23, 2009 I caused a true and correct copy of the Plaintiffs' Answer and Affirmative Defenses to Defendant USA Technologies, Inc.'s Counterclaims to be served via the Court's ECF system on:

David H. Pittinsky
Ballard Spahr LLP
1735 Market Street
Philadelphia, PA  19103

*Attorneys for USA Technologies, Inc.
George R. Jensen, Jr., Stephen P. Herbert, Douglas M. Lurio, Steven Katz, William L Van Alen, Jr., Joel Brooks, Steven D. Barnhart, and Jack E. Price*

  /s/ Michael S. Doluisio
Michael S. Doluisio